JOHN W. CRITTENDEN, State Bar No. 101634
FRANK B. GOLDBERG, State Bar No. 222263
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
SUTTER HOME WINERY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sutter Home Winery, Inc., | CASE NO. |
| Plaintiff, | **COMPLAINT** |
| | 1. **Federal Trademark Infringement** |
| vs. | 2. **Federal Unfair Competition** |
| | 3. **Federal Trademark Dilution** |
| | 4. **California Trademark Infringement** |
| | 5. **California Unfair Competition** |
| | 6. **California False or Misleading Statements** |
| The Wine Group LLC | 7. **California Dilution** |
| Defendant. | 8. **Common Law Trademark Infringement and Passing Off** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Sutter Home Winery, Inc. ("Plaintiff"), for its complaint against Defendant,

The Wine Group LLC, a Delaware limited liability company ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff is the owner of the famous trademark SUTTER HOME for wine and the

distinctive trade dress used with Plaintiff's SUTTER HOME White Zinfandel wine.

Defendant has adopted the similar mark J. SUTTON for White Zinfandel wine along with a trade dress similar to that of the SUTTER HOME White Zinfandel. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), unfair competition (15 U.S.C. §1125(a)), dilution of a federally registered trademark (15 U.S.C. §1125(c)), violation of the California Business and Professions Code for trademark infringement (Cal. Bus. & Prof. Code §14335), unfair competition (Cal. Bus. & Prof. Code §17200), the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500) and trademark dilution (Cal. Bus. & Prof. Code §14330), and common law trademark infringement and palming off, as the result of willful and unauthorized use by Defendant of colorable imitations of Plaintiff's trademark and trade dress, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiff's trademark, treble monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff Sutter Home Winery, Inc. is a California corporation with its principal place of business located at 100 St. Helena Hwy. South, St. Helena, CA 94574.

3. Upon information and belief, Defendant The Wine Group LLC is a Delaware limited liability company located at 240 Stockton Street, Suite 800, San Francisco, California 94108-5325.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5.  Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred or will occur in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.  Plaintiff is the owner of U.S. Trademark Registration No. 1,385,404 for SUTTER HOME for wine. Such registration is valid and subsisting and owned by Plaintiff and is now incontestable in accordance with 15 U.S.C. §§1065 and 1115(b). A true and correct copy of this registration is attached hereto as Exhibit 1. Plaintiff is also the owner of California Trademark Registration No. 77466 for the mark SUTTER HOME for wine.

8.  Since 1972, long prior to the acts of Defendant complained of herein, Plaintiff has used the mark SUTTER HOME in association with wine, and SUTTER HOME serves as Plaintiff's flagship brand. Other than Defendant's trademark at issue in this lawsuit, Plaintiff is not aware of any other wine in the United States with a brand name featuring the prefix letter-string "SUTT".

9.  Plaintiff also does business under the trade name Sutter Home Winery, Inc. and the name "Sutter Home Winery" appears on the back label as the producer of every bottle of SUTTER HOME wine produced and sold by Plaintiff.

10. In the early 1970s, Plaintiff was the first winery to produce a slightly sweet "pink" wine produced from the Zinfandel grape variety. Plaintiff called this wine "White

Zinfandel" and the popularity of this wine catapulted the SUTTER HOME wine brand to the forefront of well-known wine brands. Due to this history, SUTTER HOME White Zinfandel also carries the tag line THE ORIGINAL WHITE ZINFANDEL, for which Plaintiff owns a federal trademark registration (Reg. No. 2,928,736).

11. Plaintiff currently produces thirteen different types of wine under the SUTTER HOME mark. However, the particular type of wine for which SUTTER HOME is most famous and which Plaintiff produces under the mark in a higher volume than any other wine type is White Zinfandel from the California appellation.

12. The SUTTER HOME White Zinfandel wine is sold in a bottle with a distinctive trade dress composed of the following elements: 1) a clear glass Bordeaux-style bottle that allows the consumer to view the pink color of the wine; 2) a rose-colored capsule that covers the top and upper two-thirds of the bottle's neck; 3) a rectangular white label outlined in silver and rose, in the middle of which is the mark SUTTER HOME in a Times New Roman style font, above which is a gray line drawing; and 4) a long rectangular rose-colored label appearing beneath the main label, within which appears the varietal designation "White Zinfandel." This trade dress has been used by Plaintiff since prior to the adoption of Defendant's J. SUTTON White Zinfandel trade dress. Following is an image of the SUTTER HOME White Zinfandel trade dress:

13. In 2006 alone, Plaintiff sold over three million six hundred thousand (3,600,000) 9-liter cases of SUTTER HOME White Zinfandel, which is equal to over forty-three million (43,000,000) 750 ml bottles.  Since it first began use of the SUTTER HOME mark, Plaintiff has sold well over a billion bottles of wine under the mark.  In the past five years alone, Plaintiff has sold over thirty six million (36,000,000) 9-liter cases of SUTTER HOME wine, the equivalent of over four hundred thirty-two million (432,000,000) 750 ml bottles of SUTTER HOME wine.

14. Plaintiff's dollar sales of SUTTER HOME wine since it first began use of the mark have been in the billions.  In the past five years alone, Plaintiff's sales of the SUTTER HOME wine have exceeded one billion sixty million dollars ($1,060,000,000).

15. According to AC Nielsen, the SUTTER HOME brand is among the top ten brands of best selling varietal categories. Sutter Home also produces a line of alcohol-free wines under the brand SUTTER HOME FRE.  Among the trade, including distributors, retailers, wine-writers and restaurateurs, Plaintiff's brand is frequently referred to only by the first word of the composite mark – SUTTER.

16. According to AC Nielsen, by volume, SUTTER HOME is the #1 brand of premium table wine in U.S. supermarkets.  As reported in the current issue of wine-industry newsletter *Restaurant Wine* (Issue #119 & 120), SUTTER HOME is also the #7 brand of wine ordered in U.S. restaurants and SUTTER HOME White Zinfandel ranks #4 among all wines sold in U.S. restaurants. According to a 2006 study by Scarborough Research, over 10.1 million U.S. consumers bought SUTTER HOME wine between May 2005 and September 2006.

17. According to the 2007 "Equitrends" study by Harris Interactive, Among the top 5 wine brands in the United States, SUTTER HOME ranks #1 in familiarity, and #3 in consumer purchase intent and brand equity. According to a 2007 study of the 100 most powerful wine and spirit brands in the world conducted by the company Intangible Business, SUTTER HOME is one of the top 10 most powerful American wine or spirit brands along with JACK DANIELS, ROBERT MONDAVI and SOUTHERN COMFORT, among others, and SUTTER HOME is one of the top 10 most powerful wine brands in the world.

18. Over the years Plaintiff has spent hundreds of millions of dollars marketing and advertising the SUTTER HOME brand.

19. As a result of Plaintiff's sales and advertising of the brand, SUTTER HOME has become one of the most famous and recognizable wine brands in the United States, placing

SUTTER HOME among the strongest of marks and entitling it to the widest scope of protection, especially in relation to White Zinfandel wine from the California appellation.

20. Plaintiff's SUTTER HOME wine is also sold in scores of countries throughout the world and Plaintiff owns over thirty-five foreign trademark registrations for the SUTTER HOME mark for wine.

21. On information and belief, the J. SUTTON brand is being produced by Defendant and is intended for use exclusively with White Zinfandel wine from the California appellation.  The J. SUTTON brand will be marketed as a "private label" brand to compete with White Zinfandel category leaders SUTTER HOME and BERINGER, and Defendant is recommending to retailers that the J. SUTTON brand be positioned and promoted adjacent to BERINGER and SUTTER HOME White Zinfandel wines.

22. Upon information and belief, the J. SUTTON White Zinfandel trade dress will be composed of the following elements: 1) a clear glass Bordeaux-style bottle that allows the consumer to view the pink color of the wine; 2) a rose-colored capsule that covers the top and upper two-thirds of the bottle's neck; 3) a rectangular white label outlined in silver and rose, in the middle of which is the mark J. SUTTON in a Times New Roman style font, above which is a gray line drawing; and 4) a long rectangular rose-colored box appearing beneath the J. SUTTON mark and offset from the main label, within which appears the varietal designation "White Zinfandel."

23. On information and belief, Defendant owns U.S. Trademark Application Serial Number 77/086,000 for the mark J. SUTTON for wine, which was filed based upon Defendant's intent to use the mark in commerce.  In conjunction with this trademark application, Defendant submitted a statement that the name "J. SUTTON" does not identify any particular living individual.  Plaintiff's information and belief are based upon a review

of the U.S. Patent and Trademark Office ("USPTO") Trademark Electronic Search System ("TESS') database and Trademark Document Retrieval ("TDR") service.

24. Before a wine may be shipped or sold in interstate commerce, the producer of such wine must apply for and receive a Certificate of Label Approval ("COLA") from the Alcohol and Tobacco Tax and Trade Bureau ("TTB") of the U.S. Department of Treasury. On information and belief, based on a review of the TTB online COLA database, two COLAs were issued to Defendant on September 29, 2007 for labels for California White Zinfandel wine with the brand name J. SUTTON. The TTB ID numbers for these COLAs are 07262001000234 and 07262001000236. The labels represented in these COLAs are reflective of the labels in the trade dress for the J. SUTTON White Zinfandel brand described above in paragraph 22. The back label for the J. SUTTON wine set forth in these COLAs indicates that the wines' producer is "J. Sutton Vineyards" and the COLA further indicates that this is a fictitious business name for Defendant, The Wine Group. The text on the back labels set forth in these COLAs does not indicate any origin or meaning for the brand name J. SUTTON.

25. On information and belief, the J. SUTTON brand White Zinfandel will be launched in early November 2007.

26. On both October 31, 2007 and November 1, 2007, Plaintiff's President contacted Ken Lizar, the Chief Operating Officer for Defendant and left word of Plaintiff's objection to the use of the J. SUTTON brand and requested that Defendant immediately contact Plaintiff to discuss the issue. Plaintiff has not received any response from Defendant.

27. The use of the J. SUTTON mark and trade dress by Defendant is likely to confuse consumers into believing that Defendant's J. SUTTON wine is affiliated with, associated with, connected to, or sponsored by Plaintiff and Defendant will unjustly benefit from such association. The use of the J. SUTTON mark by Defendant is also

likely to dilute the Plaintiff's SUTTER HOME mark by blurring through association arising from the similarity between Defendant's J. SUTTON mark and Plaintiff's famous SUTTER HOME mark that will result in an impairment of the distinctiveness of the famous SUTTER HOME mark. Such likelihood of dilution by blurring is supported by the similarity of the marks at issue, the distinctiveness of the SUTTER HOME mark, the exclusivity of Plaintiff's use of its SUTTER HOME mark, the high degree of consumer recognition of the SUTTER HOME mark, and upon information and belief, Defendant's intent to create association with Plaintiff's famous SUTTER HOME mark.

28. Plaintiff will be harmed by such confusion as it will suffer loss of sales when consumers purchase the J. SUTTON wine believing it to be the market leader, SUTTER HOME, and Plaintiff will also lose control of its mark as a result of such confusion and the value of the brand will be diminished as a result of such confusion and dilution.

29. Based upon information and belief resulting from Defendant's failure to respond to Plaintiff's objections to Defendant's use of the J. SUTTON mark, Defendant has not changed its plans to use the J. SUTTON mark, and unless restrained by this Court, Defendant will continue forward with its plans to unfairly compete with Plaintiff by using such mark, wherefore Plaintiff is without adequate remedy at law.

30. Based upon information and belief resulting from an objective review of Defendant's actions in adopting and selecting the J. SUTTON mark and trade dress, Defendant's intent in using the J. SUTTON mark and trade dress is to profit from the goodwill associated with Plaintiff's SUTTER HOME trademark and trade dress. As evidenced by Defendant's trademark application and the back-label copy for the packaging, the selection of J. SUTTON as a trademark was not done to reference any particular

individual, but rather to have a mark that closely mimics the famous SUTTER HOME mark for White Zinfandel. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees.


**FIRST CAUSE OF ACTION**

(Federal Trademark Infringement under 15 U.S.C. §1114)

31.  Plaintiff restates and reavers the allegations of Paragraphs 1 through 30, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

32. Defendant's above-averred actions will constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendant's aforesaid services in violation of 15 U.S.C. §1114.


**SECOND CAUSE OF ACTION**

(Federal Unfair Competition under 15 U.S.C. §1125(a))

33. Plaintiff restates and reavers the allegations of Paragraphs 1 through 32, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

34. The Defendant's above-averred actions will constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant

with Plaintiff or as to the origin, sponsorship or approval of the Defendant's services or the goods offered in connection therewith in violation of 15 U.S.C. §1125.

### THIRD CAUSE OF ACTION

(Federal Trademark Dilution under 15 U.S.C. §1125 (c))

35. Plaintiff restates and reavers the allegations of Paragraphs 1 through 34, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

36. The Defendant's above averred actions will constitute use in commerce of a mark that is likely to cause dilution by blurring of Plaintiff's earlier-used famous, distinctive mark through association arising from the similarity between Defendant's J. SUTTON mark and Plaintiff's famous SUTTER HOME mark that will result in an impairment of the distinctiveness of the famous SUTTER HOME mark in violation of 15 U.S.C. §1125(c).

### FOURTH CAUSE OF ACTION

(State Trademark Infringement under Cal. Bus. & Prof. Code §14335)

37. Plaintiff restates and reavers the allegations of Paragraphs 1 through 36, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

38. The Defendant's above-averred actions will constitute infringement upon a mark registered under Title 15 of the United States Code and Cal. Bus. & Prof. Code §14220 *et seq.* in violation of Cal. Bus. & Prof. Code §14335.

1

2

## FIFTH CAUSE OF ACTION

3

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

4

39. Plaintiff restates and reavers the allegations of Paragraphs 1 through 38, inclusive, and

5

the acts of Defendant asserted therein as if set forth in full as part of this Cause of

6

Action.

7

40. The Defendant's above-averred actions will constitute unlawful, unfair or fraudulent

8

9

business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

10

## SIXTH CAUSE OF ACTION

11

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

12

41. Plaintiff restates and reavers the allegations of Paragraphs 1 through 40, inclusive, and

13

the acts of Defendant asserted therein as if set forth in full as part of this Cause of

14

Action.

15

42. The Defendant's above-averred actions in using a trademark and trade dress that

16

suggests an association with Plaintiff will constitute the dissemination and making of

17

untrue or misleading statements, which by the exercise of reasonable care should have

18

19

been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

20

## SEVENTH CAUSE OF ACTION

21

(Trademark Dilution under Cal. Bus. & Prof. Code §14330)

22

43. Plaintiff restates and reavers the allegations of Paragraphs 1 through 42, inclusive, and

23

the acts of Defendant asserted therein as if set forth in full as part of this Cause of

24

Action.

25

26

44. The Defendant's above-averred actions will constitute use in commerce of a mark that

27

is likely to cause dilution of the distinctive qualities of Plaintiff's SUTTER HOME

trademark in violation of Cal. Bus. & Prof. Code §14330.

## EIGHTH CAUSE OF ACTION

(Common Law Trademark Infringement and Passing Off)

45. Plaintiff restates and reavers the allegations of Paragraphs 1 through 44, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

46. The Defendant's above-averred actions will constitute trademark infringement and passing off in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1.     That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    a.     Using the mark J. SUTTON or the J. SUTTON trade dress, or terms, marks, symbols or indicia confusingly similar to the SUTTER HOME mark and trade dress, in connection with the production, advertisement, promotion, distribution, offering for sale or selling of wine, or products or services related to wine;

    b.     Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of the Defendant or that the services or goods of the Defendant

originate with Plaintiff or are likely to lead the trade or public to associate the Defendant with Plaintiff;

2.   That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

3.   That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional, point-of-sale, table-talker, packaging, labels, corks, capsules, case shippers and any other materials bearing the infringing mark or trade dress together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.   That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

5.   That the Commissioner of the U.S. Patent and Trademark Office be ordered to refuse registration of U.S. Trademark Application Serial No. 77/086,000 based upon 15 U.S.C. §§1052(d) and 1063(a);

6.   That Plaintiff's damages be trebled and that Defendant be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7.   That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

14

1

2  Dated: *November 6, 2007*

3              Respectfully submitted,

4              COOLEY GODWARD KRONISH LLP

5

6              By

7                 John W. Crittenden
                  Frank B. Goldberg

8              101 California Street, 5th Floor
              San Francisco, California  94111-5800
9              Telephone: (415) 693-2000
              Facsimile: (415) 693-2222
10

11             J. Scott Gerien
              Megan Ferrigan Healy
12             DICKENSON, PEATMAN & FOGARTY
              809 Coombs Street
13             Napa, California  94559
              Telephone: 707-252-7122
14             Facsimile: 707-255-6876

15

16             Attorneys for Plaintiff,
              Sutter Home Winery, Inc.

17

18

19

20

21

22

23

24

25

26

27

1

2

### DEMAND FOR JURY TRIAL

3    Plaintiff hereby requests a trial by jury in this matter.

4

5

Dated: *November 6, 2004*

6

7                    Respectfully submitted,

8                    COOLEY GODWARD KRONISH LLP

9

10   By _____
         John W. Crittenden
11       Frank B. Goldberg

12       101 California Street, 5th Floor
         San Francisco, California  94111-5800
         Telephone: (415) 693-2000
13       Facsimile: (415) 693-2222

14

15       J. Scott Gerien
         Megan Ferrigan Healy
16       DICKENSON, PEATMAN & FOGARTY
         809 Coombs Street
17       Napa, California  94559
         Telephone: 707-252-7122
         Facsimile: 707-255-6876
18

19       Attorneys for Plaintiff,
         Sutter Home Winery, Inc.
20

21

22

23

24

25

26

27

# Exhibit 1

Int. Cl.: 33

Prior U.S. Cl.: 47

## United States Patent and Trademark Office

Reg. No. 1,385,404
Registered Mar. 4, 1986

## TRADEMARK
### PRINCIPAL REGISTER

# SUTTER HOME

SUTTER HOME WINERY, INC. (CALIFORNIA CORPORATION)
P. O. BOX 248
ST. HELENA, CA 95474

FOR: WINE, IN CLASS 33 (U.S. CL. 47).

FIRST USE 0–0–1900; IN COMMERCE 0–0–1972.

SER. NO. 540,941, FILED 6–3–1985.

AMANDA LAURA NYE, EXAMINING ATTORNEY